## UNITED STATES DISTRICT COURT

District of New Jersey

| | |
|---|---|
| Chambers of<br>**William H. Walls**<br>District Judge<br>─────<br>(973) 645-2564<br>(973) 645-3436 Fax | Martin Luther King Jr.<br>Federal Courthouse<br>50 Walnut Street<br>Newark, New Jersey 07102 |

<u>NOT FOR PUBLICATION</u>

<u>LETTER ORDER</u>

<u>ORIGINAL ON FILE WITH CLERK OF COURT</u>

October 19, 2005

**Appearances:**

Hesser G. McBride, Jr.
90 Woodbridge Center Drive
Suite 900 Box 10
Woodbridge, NJ 07095-0958

Todd Steadman
Deputy Attorney General
Division of Law and Public Safety
124 Halsey Street
Newark, New Jersey 07102

William Mosca, Esq., and
Charles X. Gormally, Esq.
Wolf Block Brach Eichler
101 Eisenhower Parkway
Rosland, New Jersey 07068

Christopher J. White
Deputy Ratepayer Advocate
Division of the Ratepayer Advocate
31 Clinton Street
Newark, New Jersey 07101

Re:   <u>Verizon New Jersey Inc.  v. The New Jersey Board of Public Utilities, et al.</u>; Civ. No. 04-4438 (WHW)
   Motion to Dismiss

Dear Counsel:

Plaintiff Verizon New Jersey, Inc. ("Verizon") now moves before this Court for an Order of Dismissial against Defendants New Jersey Board of Public Utilities ("NJBPU"), Jeanne M. Fox ("Board President"), Frederick F. Butler ("Commissioner"), Carol J. Murphy ("Commissioner"), Connie O. Hughes ("Commissioner"), and Jack Alter ("Commissioner") (collectively, the "Defendants"), and Intervenor-Defendants New Jersey Division of the Ratepayer Advocate ("RPA") and AT&T Communications of New Jersey, L.P. ("AT&T"), pursuant to Fed. R. Civ. P. 41(a)(2). The motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed a complaint against the Defendants under the Supremacy Clause of the United States Constitution, U.S. Const. Art. VI, cl. 2, for a declaration that NJBPU acted contrary to the Communications Act of 1934, as amended by the Telecommunications Act of 1996 (the "1996 Act"), 47 U.S.C. § 151 *et seq.*, by issuing orders that required Verizon to provide its competitors with discounted unbundled access to local circuit switching serving end-user customers with four or more DS0 (voice-grade) loops in certain metropolitan areas in New Jersey. Verizon alleged that the Federal Communications Commission ("FCC"), in exercising discretion delegated to it by Congress, concluded that unbundled access to business switching was not required under the 1996 Act because Verizon's competitor's had alternatives to the use of Verizon's facilities. Verizon's complaint requested that this Court enter a declaratory judgment, and enjoin the Defendants from enforcing their orders.

On October 27, 2004, NJBPU filed a motion for an Order staying the matter and referring the same to the FCC. On November 17, 2004, this Court approved an Order (the "November 17 Order") granting Defendant-Intervenor status to RPA and AT&T. In that Order, it was noted that each intervenor "adopt[ed] the original answer as filed in this cause, in the same manner and with like effect as if named as an original defendant to this cause." (November 17 Order).

Plaintiff and Defendants have now resolved their dispute, and seek to dismiss the complaint, as well as the motion to stay.[1] Defendant-Intervenor RPA objects to dismissal of the complaint, and requests that the matter be referred to the FCC for an opinion on the underlying issue.[2] Because RPA and AT&T have refused to assent to the dismissal, Plaintiff now seeks an Order from this Court, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, to approve the dismissal of this action.

## STANDARD

Rule 41(a)(2) of the Federal Rules of Civil Procedure requires the Court to approve a voluntary dismissal of an action when all parties to the action have not consented to the dismissal. It reads, in relevant part:

> **By Order of Court**...An action shall not be dismissed at the plaintiff's insistence, save upon order of the court and upon such terms and conditions as the court deems proper.

---

[1] As part of the Stipulation and Dismissal between Verizon and NJBPU, Verizon has agreed, *inter alia*, that it will continue to provide its discounted unbundled access to its competitors until November 8, 2005.

[2] RPA does not oppose dismissal of the complaint as to NJBPU. Defendant-Intervenor AT&T has not filed an opposition to the dismissal.

Fed. R. Civ. P. 41(a)(2). Whether a dismissal should be granted on a Rule 41(a)(2) motion lies within the sound discretion of the district court. In re Tutu Wells Contamination Litig., 994 F. Supp. 638, 652 (D.V.I. 1998) (citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974); Ockert v. Union Barge Line Corp., 190 F.2d 303, 304-5 (3d Cir. 1951); 9 Wright & Miller, Federal Practice and Procedure, § 2364 at 161.)). The purpose of the Rule is primarily to prevent voluntary dismissals which will prejudice the opposing party, and to permit the court to impose curative conditions to ameliorate such prejudice. Id. at 652; Shulley v. Mileur, 115 F.R.D. 50, 51 (M.D.Pa. 1987) (quotation marks omitted) (citing John Evans Sons, Inc., v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D.Pa. 1982).

Generally, courts have followed the principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. United States ex rel. Haskins v. Omega Inst., 11 F.Supp.2d 555, 570 (D.N.J. 1998) (citations omitted); 9 Wright & Miller, § 2364 at 165. In addressing a Rule 41(a)(2) motion, a court must weigh the relevant equities and do justice between the parties in each case. Pouls v. Mills, 1993 U.S. Dist. LEXIS 11134, *4 1993 WL 308645, *2 (E.D.Pa. 1993), aff'd, 27 F.3d 558 (3d Cir. 1994) (citation and quotation marks omitted). Among the factors considered by Courts in Rule 41(a)(2) motions are the affect of the dismissal on any counterclaims filed by the defendant; the extent of discovery completed or other efforts and expenses; the proximity of a trial date; the pendency of dispositive motions; delays on the part of the plaintiff in prosecuting the action; emotional and psychological trauma associated with having to defend a second suit; and insufficient explanation of the need to take a dismissal. Paulucci v. City of Duluth, 826 F.2d

780, 783 (8th Cir. 1987); Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974); General Development Corp. v. Binstein, 743 F.Supp. 1115, 1139 (D.N.J. 1990).

## DISCUSSION

Verizon argues that its motion should be granted because RPA cannot show that it will suffer formal legal prejudice as a result of the dismissal. This Court agrees. The Ratepayer Advocate has failed to allege any prejudice that it would suffer from granting the Plaintiff's motion to dismiss. No discovery has been conducted, no dispositive motions have been filed, there are no pending counterclaims against Verizon, and the initial parties to the case have reached an amicable settlement that will go into effect upon dismissal of Verizon's complaint. Perhaps most important, RPA will not suffer any legal prejudice if the case is dismissed.

The sole reason offered by RPA as to why the Plaintiff's motion should be denied is alleged administrative efficiency and due process warrant this Court maintaining this action, rather than letting RPA bring a new cause of action as a plaintiff. This argument is wholly unconvincing, as the settlement entered into by Verizon and NJBPU has rendered all claims moot. See, e.g., United Airlines, Inc. v. McDonald, 432 U.S. 385, 400 (1977) (Powell, J., dissenting) ("The settlement of an individual claim typically moots any issues associated with it."); 13 Wright & Miller, § 3533 at 271. Because RPA adopted NJBPU's answer as its own and filed no counterclaims, there exist no additional claims to be resolved in the current matter. Accordingly, this Court cannot grant the relief RPA seeks.

Nor can this Court accept RPA's argument, based on Local No. 93 et al. v. City of Cleveland, 478 U.S. 501 (1986), that it has an absolute right to continue the proceeding. That case considered whether a plaintiff in a federal civil rights lawsuit could execute a consent

agreement with the defendant without the consent of an intervening co-plaintiff.  The Court held that it could, on the grounds that the consent decree did not impose any additional obligations on the non-consenting plaintiff, and did not extinguish or resolve any viable claims the non-consenting plaintiff might have against the defendant.  <u>Id.</u> at 529-30.  Similarly in <u>United States Steel v. Environmental Protection</u>, 614 F.2d 843 (3d Cir.1979), the Court recognized the right of an intervenor to continue to litigate after dismissal of the party who originated the action, but it did so to ensure that the intervenor's interests, which were related but not identical to those of the original petitioner, were adequately represented in the ongoing proceeding.  <u>Id.</u> at 845-46.  Here, the intervenor's interests are *exactly* the same as the original defendants.  There is no need to continue this action, now that all of the claims have been resolved.

      The Plaintiff's motion for an order of dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), is granted.

## CONCLUSION

It is on this 19th day of October 2005,

ORDERED that Verizon's Motion for an Order of Dismissal, pursuant to Fed. R. Civ. P. 41(a)(2), is GRANTED; and it is further

ORDERED that Verizon's Complaint is DISMISSED with prejudice in accordance with the provisions and obligations set forth in the Stipulation and Agreement entered into between Verizon and the Defendants on June 23, 2005; and it is further;

ORDERED that NJBPU's pending Motion, filed on October 27, 2004, for an Order Staying the Matter and Referring Same to the Federal Communications Commission, is DISMISSED with prejudice.

**s/William H. Walls**
United States District Judge
